1

2

3

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

## Jul 09, 2020

SEAN F. McAVOY, CLERK

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7

8

9

10

11

12

| | |
|---|---|
| DEBRA J.,<br><br>                    Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>                    Defendant. | No:  1:19-CV-3203-FVS<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR SUMMARY<br>JUDGMENT AND DENYING<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT |

13

14

15

16

17

18

19

20

21

BEFORE THE COURT are the parties' cross motions for summary

judgment.  ECF Nos. 11, 13.  This matter was submitted for consideration without

oral argument.  The Plaintiff is represented by Attorney D. James Tree.  The

Defendant is represented by Special Assistant United States Attorney Joseph J.

Langkamer.  The Court has reviewed the administrative record, the parties'

completed briefing, and is fully informed.  For the reasons discussed below, the

Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment, ECF No. 11,

and **DENIES** Defendant's Motion for Summary Judgment, ECF No. 13.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

**JURISDICTION**

Plaintiff Debra J.[1] filed applications for disability insurance benefits and supplemental security income benefits on August 7, 2015, Tr. 138-39, alleging a disability onset date of June 6, 2014, Tr. 305, 307, due to three herniated discs, two bulging discs, bone spurs at the SI joint, sciatica, arthritis on the lower and mid back, narrowing of the central canal, muscle spasms, depression, and insomnia, Tr. 665.  Benefits were denied initially, Tr. 179-82, and upon reconsideration, Tr. 189-202.  Hearings before Administrative Law Judge Larry Kennedy ("ALJ") were conducted on September 13, 2017, Tr. 49-79, and April 30, 2018, Tr. 80-128. Plaintiff was represented by counsel and testified at both hearings.  Tr. 49-128. The ALJ also took testimony from medical expert Frank Barnes II, M.D. and vocational expert Steve Duchesne.  Tr. 80-128.  The ALJ denied benefits on August 6, 2018.  Tr. 25-39.  The Appeals Council denied review on July 6, 2019. Tr. 1-6.  The matter is now before this court pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

**BACKGROUND**

The facts of the case are set forth in the administrative hearing and

---

[1]In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 45 years old on the alleged date of onset.  Tr. 305.  She completed the twelfth grade in 1986 and received her certificate as a Nurse's Assistant in 1990 or 1991.  Tr. 666.  Plaintiff's work history includes the jobs of Certified Nurse's Assistant, Laborer, and Office Worker.  Tr. 655, 666.  At application, Plaintiff reported that she was working part-time, but that her conditions caused her to make changes in her work activity as early as June 10, 2014.  Tr. 640-43, 665-66.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id*.

1    In reviewing a denial of benefits, a district court may not substitute its

2

3    judgment for that of the Commissioner.  If the evidence in the record "is

4    susceptible to more than one rational interpretation, [the court] must uphold the

5    ALJ's findings if they are supported by inferences reasonably drawn from the

6    record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

7    court "may not reverse an ALJ's decision on account of an error that is harmless."

8    *Id*.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate

9    nondisability determination."  *Id*. at 1115 (quotation and citation omitted).  The

10   party appealing the ALJ's decision generally bears the burden of establishing that

11   it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

12                          **FIVE-STEP EVALUATION PROCESS**

13       A claimant must satisfy two conditions to be considered "disabled" within

14   the meaning of the Social Security Act.  First, the claimant must be "unable to

15   engage in any substantial gainful activity by reason of any medically determinable

16   physical or mental impairment which can be expected to result in death or which

17   has lasted or can be expected to last for a continuous period of not less than twelve

18   months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's

19   impairment must be "of such severity that he is not only unable to do his previous

20   work[,] but cannot, considering his age, education, and work experience, engage in

21   any other kind of substantial gainful work which exists in the national economy."

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more

severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 6, 2014, the alleged onset date.  Tr. 27.  At step two, the ALJ found that Plaintiff has the following severe impairments: spinal impairment(s); hip impairment(s); upper extremity neuropathy; and obesity.  Tr. 27.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 30.  The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1537(b), 416.967(b) with the following limitations:

she can only sit for one hour before needing to move around for one or two minutes before sitting again. She can occasionally balance, stoop, kneel, and crouch. She cannot crawl or climb. She can occasionally reach overhead (i.e. above shoulder level). She can frequently reach in other directions. She can frequently handle and finger. She should all avoid exposure to vibration, hazards, and extreme cold.

Tr. 31. At step four, the ALJ identified Plaintiff's past relevant work as a home restoration cleaner, a warehouse worker, and a nurse aide and found that Plaintiff is unable to perform any past relevant work. Tr. 38. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, including cashier II, housekeeper, and small parts assembler. Tr. 39. On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from June 6, 2014, through the date of this decision. Tr. 39.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 11. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly considered the medical opinion evidence;

2. Whether the ALJ properly considered Plaintiff's symptom claims; and

3. Whether the ALJ properly considered lay witness statements.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

## DISCUSSION

**1.    Medical Source Opinions**

Plaintiff challenges the weight the ALJ assigned to Joan Harding, M.D., Pamil Sidhu, M.D., and Cari Cowin, ARNP.  ECF No. 11 at 5-12.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's opinion.  *Id.*  If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence."  *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).  Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may reject it by providing specific and legitimate reasons that are supported by substantial evidence."  *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).

**A.    Joan Harding, M.D.**

On December 19, 2016, Dr. Harding completed a physical Functional Evaluation form for the Washington Department of Social and Health Services

1    (DSHS).  Tr. 1345-49.  She opined that Plaintiff was severely limited, which is

2    defined as "[u]nable to meet the demands of sedentary work."  Tr. 1347.  The ALJ

3    gave this opinion minimal weight for three reasons: (1) the opinion is not

4    supported by her December 19, 2016 evaluation; (2) the opinion is inconsistent

5    with Plaintiff's part-time work following her alleged onset date; and (3) the

6    opinion is inconsistent with her receipt of unemployment benefits.  Tr. 36.

7        The ALJ's first reason for rejecting Dr. Harding's opinion, that it is not

8    supported by the contemporaneous evaluation, is not supported by substantial

9    evidence.  The Ninth Circuit has found that inconsistencies between the opinion

10   and the treatment notes from the same day of the opinion meets the heightened

11   standard of clear and convincing.  *Bayliss*, 427 F.3d at 1216.  Here, the ALJ does

12   not point to inconsistencies, but simply a lack of support stating the following:

13   "Her only examination of the claimant in December 2016 found 20 degrees of

14   lumbar flexion and zero degrees of lumbar extension, concurrent with complaints

15   of severe pain with this testing.  This examination did not find any other deficits in

16   the claimant's functioning."  Tr. 36.  However, this is not supported by substantial

17   evidence.  Dr. Harding found that Plaintiff's range of motion in her lumbar spine

18   was limited to zero degrees of extension, twenty degrees of flexion, as well as ten

19   degrees of lateral flexion.  Tr. 1348.  Dr. Harding stated that Plaintiff had severe

20   pain with motion in the lumbar spine and tenderness in her thoracic spine.  Tr.

21   1354.  Additionally, Dr. Harding administered a PHQ-9 which scored a 25, which

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

is consistent with severe depression. Tr. 1351. This supported Dr. Harding's opinion that Plaintiff's major depressive disorder resulted in moderate limitations in her ability to communicate. Tr. 1346, 1350. Therefore, the ALJ's conclusion that the only deficits found in the examination were Plaintiff's zero degrees of extension and twenty degrees of flexion is not supported by substantial evidence and does not meet the specific and legitimate standard.

The ALJ's second reason for rejecting Dr. Harding's opinion, that it is inconsistent with Plaintiff's part-time work following her alleged onset date, is not supported by substantial evidence. The demonstrated ability to work would undermine the opinion of a medical provider stating that a claimant could not work. However, Dr. Harding's opinion was that Plaintiff was unable to meet the demands of sedentary work in a regular predicable manner despite her impairment. Tr. 1347. A regular and predicable manner is defined as "the person is capable of sustaining the work level or a normal workday and workweek on an ongoing, appropriately, and independent basis." *Id.* Plaintiff's reported part-time work was for twenty hours a week, Tr. 640, and she reported that she missed work an average of once a week, Tr. 643. Furthermore, Plaintiff's part-time employer stated that she was discharged for excessive absenteeism, summarizing her last day of work as "Debbi was working in the office on light duty from 8am-12pm. She came to me and stated she was leaving early at 10am because her back was hurting too bad and she couldn't take it anymore." Tr. 570. Her employer stated that

1  "Debbi either called in sick or went home early 17 times in a 60-day period."  Tr.

2  571.  Therefore, the record does not support the ALJ's conclusion that Plaintiff's

3  work activity was inconsistent with the preclusion from working at the sedentary

4  exertional level at a regular and predictable manner.

5       The ALJ's third reason for rejecting Dr. Harding's opinion, that it was

6  inconsistent with Plaintiff's receipt of unemployment benefits, is not specific and

7  legitimate.  Specifically, the ALJ stated that "Dr. Harding's assessment is also

8  incompatible with . . . her receipt of unemployment benefits under the assertion

9  that she has been capable of some form of fulltime employment."  Tr. 36.  The

10  Court recognizes that the receipt of unemployment benefits can undermine a

11  claimant's alleged inability to work fulltime, *see Copeland v. Bowen*, 861 F.2d 536,

12  542 (9th Cir. 1988); *accord Schmidt v. Barnhart*, 395 F.3d 737, 745–46 (7th Cir.

13  2005) (recognizing receipt of unemployment benefits could impact a claimant's

14  disability claim), but the record must establish whether the claimant held herself

15  out as available for full-time or part-time work, as only the holding herself out as

16  available for full-time is inconsistent with a claimant's disability allegations.

17  *Carmickel v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161-62 (9th Cir. 2008).

18  Here, Plaintiff held herself out as available for full-time work.  Tr. 402 (Plaintiff

19  stated on a Washington Employment Security Department form that "I am willing

20  to work 8 hours per day 5 days per week.").  However, Plaintiff's statements to the

21  Washington Employment Security Department has no bearing on reliability of Dr.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

Harding's opinion.  As stated above, the receipt of unemployment benefits can undermine a *claimant's* statements, not a provider's statements.  Dr. Harding's opinion was based on her professional medical opinion following an evaluation of Plaintiff.  Tr. 1345-54.  Therefore, Plaintiff's application for benefits and statements to the Washington Employment Security Department does not render the opinion inaccurate or unreliable.  As such, this reason fails to meet the specific and legitimate standard.

In conclusion, the ALJ erred in rejecting Dr. Harding's opinion, and the case is remanded for the ALJ to properly address the opinion.

**B.    Pamil Sidhu, M.D.**

On January 10, 2017, Dr. Sidhu completed a Review of Medical Evidence form for DSHS.  Tr. 1509-10.  The forms instructed Dr. Sidhu to "[r]eview the attached medical evidence and answer the following questions regarding the information recorded in the Disability/Incapacity Determination of the Review of Medical Evidence referral."  Tr. 1509.  Dr. Harding's December 19, 2016 opinion and treatment records were attached.  Tr. 1498-1507, 1509.  Dr. Sidhu stated that the severity and functional limitations were supported by the available medical evidence.  Tr. 1509.  She stated that Plaintiff's impairment was expected to persist for twelve months, stating that "[c]laimant's primary complaint is back pain from Sacroiliac joint dysfunction and morbid obesity.  With weight loss and further treatment for back with physical therapy and possible surgical intervention if

appropriate, symptoms would improve significantly." *Id*.

The ALJ did not discuss Dr. Sidhu's opinion in his decision.  Tr. 25-39.  A failure to discuss a medical opinion in the record is an error.  *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) ("Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs.").  Therefore, remand is appropriate for the ALJ to properly address the opinion.

Additionally, Plaintiff argues that Dr. Sidhu's opinion affirms Dr. Harding's opinion.  ECF No. 11 at 11.  Defendant argues that it is not clear that Dr. Sidhu agreed with Dr. Harding.  ECF No. 13 at 14.  Whether or not the opinion is consistent with Dr. Harding's opinion should be addressed by the ALJ upon remand.

## C.    Cari Cowin, ARNP

Nurse Cowin completed three forms confirming Plaintiff's ability to perform her part-time job following her alleged onset date.  Tr. 1123, 1194.  On June 3, 2015, Nurse Cowin approved Plaintiff for a part-time light duty position described as "data entry, shredding documents, answering telephones, putting together application packets, putting together binders of written materials, checking on employer references, doing telephone surveys, filing, photocopying, and faxing." Tr. 1194.  Functional activities were specifically addressed based on the percentage

1    of time Plaintiff would be able to perform each activity. *Id*. On July 22, 2015,

2    Nurse Cowin approved Plaintiff for an administrative job described as "Monday-

3    Friday 8am-2:45pm 1 hour lunch, breaks as needed. 5.5 hours per day She is

4    welcome to sit at a desk, move around the office, or stand at waist high cabinet for

5    higher table as needed." Tr. 1123. Specific physical demands were identified

6    based on the percentage of time Plaintiff could perform each activity. *Id*. In

7    October of 2015, Nurse Cowin opined that Plaintiff could return to her previous

8    work as an agricultural produce sorter on a "part-time-On-call" work pattern. Tr.

9    1200-03. The ALJ gave these opinions significant weight. Tr. 36. Plaintiff argues

10   that these opinions do not support the ALJ's RFC determination because they are

11   based on a part-time work schedule. ECF No. 11 at 10-11.

12       The Commissioner defines the ability to work as on a "regular and

13   continuing basis" which means eight hours a day, for five days a week, or an

14   equivalent work schedule. S.S.R. 96-8p. On remand, the ALJ will reevaluate

15   these opinions in light of their part-time status and not meeting the durational

16   standard for work as defined by the Commissioner.

17   **2.    Plaintiff's Symptom Statements**

18       Plaintiff challenges the ALJ's treatment of her symptom statements. ECF

19   No. 11 at 12-19.

20       It is generally the province of the ALJ to make determinations regarding the

21   reliability of Plaintiff's symptom statements, *Andrews v. Shalala*, 53 F.3d 1035,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

1039 (9th Cir. 1995), but the ALJ's findings must be supported by specific cogent

reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Absent

affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's

testimony must be "specific, clear and convincing."  *Smolen v. Chater*, 80 F.3d

1273, 1281 (9th Cir. 1996); *Lester*, 81 F.3d at 834.  "General findings are

insufficient:  rather the ALJ must identify what testimony is not credible and what

evidence undermines the claimant's complaints."  *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff's "statements concerning the intensity, persistence,

and limiting effects of these symptoms are not entirely consistent with the medical

evidence and other evidence in the record for the reasons explained in this

decision."  Tr. 32.  The evaluation of a claimant's symptom statements and their

resulting limitations relies, in part, on the assessment of the medical evidence.  See

20 C.F.R. §§ 404.1529(c), 416.929(c); S.S.R. 16-3p.  Therefore, in light of the case

being remanded for the ALJ to readdress the medical source opinions in the file, a

new assessment of Plaintiff's subjective symptom statements will be necessary.

**3.    Lay Witness Statements**

Plaintiff challenges the ALJ's treatment of statements from her friends and

family regarding her limitations.  ECF No. 11 at 19-21.

Lay witness testimony cannot establish the existence of medically

determinable impairments.  20 C.F.R. §§ 416.913(a)(4), 416.921.  But lay witness

testimony is "competent evidence" as to "how an impairment affects [a claimant's]

ability to work." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050 (9th Cir. 2006); 20 C.F.R. §§ 404.1513(a)(4), 416.913(a)(4); *see also Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). ("[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition."). "If the ALJ wishes to discount the testimony of the lay witnesses, [she] must give reasons that are germane to each witness." *Dodrill*, 12 F.3d at 919.

The record contains six statements from Plaintiff's friends and family. Tr. 727-38, 770-76. The ALJ did not adequately address the statements by the lay witnesses. Since the case is being remanded for the ALJ to further address the medical opinions in the record, the ALJ will also address these statements.

## CONCLUSION

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

859 F.2d at 1401.  But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate.  *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose).  Here, it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated.  Therefore, the Court remands this case for further proceedings consistent with this Order.

On remand, the ALJ should readdress the medical opinions in the record, Plaintiff's symptom statements, and the lay witness statements.  In addition, the ALJ should supplement the record with any outstanding medical evidence and take the testimony of a vocational expert if a step four or step five decision is required.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **GRANTED, in part,** and the matter is remanded for further proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, **ECF No. 13** is **DENIED**.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

1    The District Court Executive is hereby directed to enter this Order and

2    provide copies to counsel, enter judgment in favor of the Plaintiff, and **CLOSE** the

3    file.

4        **DATED** July 9, 2020.

5                                                _s/ Rosanna Malouf Peterson_
                                            ROSANNA MALOUF PETERSON
6                                               United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21